**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1720-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RASHAUN A. FENTRESS, a/k/a
SHAWN B. FENTRES,
RASHUAN A. FENTRESS,
RASHAUN BAN, ZEUS FENTRESS,
RASHAUN ZUSE, and ALLAN
FRANCIS,

     Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided December 27, 2018

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 14-04-0706, 14-08-1356 and 14-08-1452.

Joseph E. Krakora, Public Defender, attorney for appellant (Paul B. Halligan, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, Legal Assistant, of counsel and on the brief).

PER CURIAM

Defendant Rashaun A. Fentress appeals his September 23, 2016 judgments of conviction, claiming he did not knowingly waive his right to counsel and was deprived of his right to represent himself, the court made an erroneous evidentiary ruling, and his standby counsel provided ineffective assistance, all of which deprived him of a fair trial. He also argues his sentences were illegal on a number of grounds. The State agrees, as do we, that defendant's sentence to a discretionary extended term and mandatory extended term in the same proceeding violated N.J.S.A. 2C:44-5(a)(2) and requires a remand for resentencing on the affected counts. We also agree that a remand is necessary to conduct a hearing about defendant's ability to pay before ordering restitution. We otherwise reject defendant's arguments and affirm his convictions and sentences that are unaffected by the remand.

In April 2014, Officers Michael Boone and John Sarno of the Asbury Park Police Department were in a marked vehicle on patrol at 11:25 p.m. when Officer Boone thought he saw the driver of a blue four-door Mazda holding a cellphone to his ear as he slowed for a red light. Office Boone activated the overhead lights and, although the Mazda slowed at first to pull over, the driver made an abrupt left turn and accelerated. The officers pursued the Mazda, which

reached speeds up to seventy miles per hour in a twenty-five mile per hour zone, and made multiple turns. The officers discontinued pursuit shortly before the Mazda collided with a taxi at an intersection. The taxi driver and his passenger were injured. Defendant was driving the Mazda and was trapped inside it. Once extracted, a small bag of suspected marijuana was found in defendant's clothing. The bag was secured as evidence and testing confirmed it was 2.32 grams of marijuana.[1] Defendant's cellphone was in his left front pocket.

Defendant was indicted under Indictment No. 14-08-1356 (Indictment two or eluding incident) for second-degree eluding an officer and two counts of second-degree aggravated assault by eluding (one for the taxi passenger and the second for the taxi driver).[2] He also was charged with a disorderly persons offense for possession of marijuana. Motor vehicle summonses were issued for unlawful use of a cellphone, reckless driving, driving while revoked, speeding, failing to signal and failure to stop and yield.

The case was scheduled for trial in June 2015, but postponed to September to address defendant's request that the court conduct an in-camera inspection of

---

[1] There are 28.35 grams in an ounce.

[2] Another count for third-degree theft of moveable property (the car) was dismissed prior to trial.

Officer Boone's personnel records. This delay gave defendant the opportunity to consult with an attorney in light of his complaint to the court that he was not "content" with the attorney assigned by the Public Defender's office to represent him. There is nothing in the record showing that he consulted with private counsel.

On September 15, 2015, after conducting a hearing, the court granted defendant's request to represent himself at the trial, which was scheduled to commence the next day. His assigned public defender was appointed as standby counsel. The court denied defendant's request for an adjournment. The next day, September 16, defendant renewed his request for an adjournment—now for a period of three days—to obtain his own cellphone and medical records. This request was denied. The judge order the State to provide defendant's medical records and recognized that defendant could obtain his own phone records before the defense portion of the trial commenced.

At the trial, standby counsel conducted the opening statement, the cross-examination of the State's witnesses and direct examination of defendant's witnesses. Defendant did not testify. Defendant conducted the closing argument. Throughout the trial, defendant had several private conversations with standby counsel.

A-1720-16T1

Defendant was convicted of second-degree eluding, N.J.S.A. 2C:29-2(b), and two counts of second-degree aggravated assault by eluding, N.J.S.A. 2C:29-2(b). The trial judge found defendant guilty of the disorderly persons marijuana possession offense and motor vehicle offenses—except, the judge acquitted defendant of the unlawful use of a cellphone while driving charge because defendant's cellphone was found in his pocket.

Two other indictments were returned against defendant on charges unrelated to the eluding incident and also are part of this appeal. Defendant pled guilty under Indictment No. 14-08-1452 (Indictment three) to two third-degree counts of distribution of CDS within 1000 feet of a school zone, N.J.S.A. 2C:35-7, for selling cocaine to an undercover police officer on two occasions. He also pled guilty under Indictment No. 14-04-0706 (Indictment one) to third-degree attempted fraudulent use of a credit card, N.J.S.A. 2C:5-1; 2C:21-6(h), admitting he attempted to use someone else's credit card at an Exxon gas station for goods and services.

Defendant was sentenced on Indictments one, two and three in the same proceeding. The court imposed an aggregate term of nineteen-years imprisonment, with thirteen-years and seven months without parole.

A-1720-16T1

On Indictment one, defendant was sentenced to an ordinary term of five years for third-degree attempted fraudulent use of a credit card. This was concurrent to Indictment three but consecutive to Indictment two. On Indictment two, involving the eluding-an-officer conviction and jury trial, the court imposed a discretionary extended term of twelve years on his conviction for second-degree aggravated assault on the taxi passenger by eluding, with an eighty-five percent period without parole eligibility. The eluding-an-officer conviction was merged into this. He received a concurrent ten-year ordinary term on the second count of aggravated assault on the taxi driver by eluding. Defendant's driver's license was suspended for six months for possession of marijuana.

On Indictment three, for two third-degree CDS distribution charges within 1000 feet of a school zone, defendant was sentenced to two concurrent mandatory extended terms of seven-years imprisonment, with three-and-one half years without parole. These were consecutive to Indictment two, but concurrent to Indictment one.

Defendant appeals a number of issues arising from his trial and sentencing as follows:

A-1720-16T1

POINT I

FENTRESS DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL, RESULTING IN A STRUCTURAL ERROR OF HIS TRIAL THAT REQUIRES REVERSAL OF HIS CONVICTIONS. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947), ART. 1 PAR. 10.

POINT II

EVEN IF THIS COURT FINDS THAT FENTRESS MADE A KNOWING AND VOLUNTARY WAIVER OF HIS RIGHT TO COUNSEL, FENTRESS WAS EFFECTIVELY DENIED HIS RIGHT TO REPRESENT HIMSELF PRO SE BY THE TRIAL COURT'S REFUSAL TO GRANT AN ADJOURNMENT OF THE TRIAL DATE. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947), ART. 1 PAR. 10.

POINT III

IF THIS COURT WERE TO FIND THAT FENTRESS MADE A KNOWING AND INTELLIGENT WAIVER OF THE RIGHT TO COUNSEL, BUT THE COURT'S FAILURE TO GRANT AN ADJOURNMENT DID NOT AMOUNT TO STRUCTURAL ERROR, THE TRIAL COURT'S REFUSAL TO GRANT AN ADJOURNMENT OF THE TRIAL DATE AND ITS REFUSAL TO ADDRESS FENTRESS AS PRO SE COUNSEL, STILL ROBBED HIM OF A FAIR TRIAL. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947), ART. 1 PAR. 10.

POINT IV

THE TRIAL COURT IMPROPERLY FAILED TO LIMIT PREJUDICIAL CUMULATIVE OTHER-CRIMES OR BAD ACTS EVIDENCE IN VIOLATION OF EVIDENCE RULE 404(B) AND THEREFORE VIOLATED FENTRESS' RIGHT TO A FAIR TRIAL.

POINT V

TRIAL COUNSEL WAS INEFFECTIVE BY NOT SEEKING TO LIMIT THE AMOUNT OF EVIDENCE ADMITTED AT TRIAL ON FENTRESS' MARIJUANA POSSESSION.

POINT VI

THE TRIAL COURT IMPOSED AN ILLEGAL SENTENCE BY COMBINING A DISCRETIONARY EXTENDED TERM WITH A MANDATORY EXTENDED TERM, IMPOSING A DRUG-LAW PENALTY ON A NON-DRUG LAW CONVICTION, AND THE REASONS FOR IMPOSITION OF SENTENCE WERE INADEQUATE.

I.

Defendant argues he did not make a knowing and intelligent waiver of his right to counsel. This issue relates to his convictions under Indictment two, not to his guilty pleas under Indictment one and three, where he was represented by counsel from the Public Defender's office. Defendant contends the court's

hearing on this issue was not adequate under State v. Crisafi, 128 N.J. 499, 509-10 (1992) and under State v. Reddish, 181 N.J. 553, 593-95 (2004).

We review a trial court's decision whether a defendant has knowingly, voluntarily, and intelligently waived his right to counsel for abuse of discretion. State v. DuBois, 189 N.J. 454, 475 (2007). "Both the United States Constitution and our New Jersey Constitution grant defendants charged with a criminal offense the right to have the assistance of counsel." State v. King, 210 N.J. 2, 16 (2012) (citing U.S. Const. amend. VI; N.J. Const. art. I ¶ 10). "The corollary" to that right "is the defendant's right to represent himself." Ibid. (citing Faretta v. California, 422 U.S. 806, 814 (1975)). Prior to permitting a defendant to represent himself at trial, trial courts have "the duty to assure that a defendant's waiver of counsel is made 'knowingly and intelligently.'" Id. at 18 (citing Crisafi, 128 N.J. at 509). The inquiry must explore with a defendant:

> (1) dangers and disadvantages of self-representation; (2) nature of the charges against him, the statutory defenses to those charges, and the possible range of punishment; (3) technical problems he may encounter in acting as his own counsel and of the risks he takes if the defense is unsuccessful; (4) necessity that he conduct his defense in accordance with the relevant rules of criminal procedure and evidence, that a lack of knowledge of the law may impair his ability to defend himself, and that his dual role as attorney and accused might hamper the effectiveness of his defense; and (5) difficulties in acting as his own counsel and the court

9

should specifically advise the defendant that it would be unwise not to accept the assistance of counsel.

[State v. Ortisi, 308 N.J. Super. 573, 587-88 (App. Div. 1998) (citing Crisafi, 128 N.J. at 510-12).]

We have carefully reviewed the transcript of the court's hearing on defendant's request to represent himself and are satisfied the relevant issues were addressed. The court explained the charges against defendant in Indictment two and the elements comprising each charge. He explained defendant's incarceration exposure. The court explained the risks and disadvantages to defendant of self-representation including that defendant would be waiving his ability to pursue ineffective assistance of counsel claims post-trial. Defendant was advised that difficulties could be presented such as arguing motions and that his lack of legal experience could put him at a disadvantage. He understood he needed to comply with court rules. The court explored why defendant wanted to represent himself, asking him multiple times to explain his position to the court "in his own words." The court explained that his assigned counsel had significant experience, that a jury trial is "infinitely complicated" and this was not to be "entertained lightly" because defendant was facing "very, very serious charges."

Defendant initially claimed he did not understand how he was "waiving his right to anything," by exercising his right to represent himself, the charges against him or the sentencing exposure. The trial court patiently explained these and other issues to defendant, until defendant indicated he understood. The record amply supports that defendant knowingly, voluntarily and intelligently waived his right to counsel after a thorough exploration with him of the risks of proceeding pro se.

## II.

The court made clear its intent to proceed with the jury trial. Defendant argues that he was deprived of his ability to represent himself because the court denied his adjournment request.

A trial court's denial of an adjournment request is reviewed under a deferential standard for abuse of discretion. State v. Miller, 216 N.J. 40, 65 (2013). "A motion for an adjournment implicates a trial court's authority to control its own calendar," and courts have broad discretion on such matters. Ibid. Only where "the judge's exercise of discretion resulted in prejudice," will we set aside a conviction based on a judge's denial of an adjournment request. State v. Rodriguez, 254 N.J. Super. 339, 346 (App. Div. 1992).

There was no misapplication of discretion by the trial court in denying defendant's adjournment request. In June 2015, when trial was initially set to begin, defendant's attorney requested, and the court granted, an adjournment to permit the court to review in-camera certain personnel records of Officer Boone related to the high speed chase, and then to give the parties time to review the documents. Other pre-trial motions involving the admissibility of defendant's statement to the police and his possession of a small amount of marijuana were made and decided. The trial was postponed until September 15, 2015.

When defendant waived his right to counsel on September 15, he asked to adjourn the case but was not specific about when or why. The next day, he asked for an adjournment for three days so he could obtain medical and phone records. The State objected to the adjournment.

We are satisfied there was no abuse of discretion. Although the requested delay was for a brief period, it was for records already provided in discovery (medical records), or available to defendant (phone records), that were not germane to the eluding or aggravated assault charges. There was concern that further delay would cause a witness to be unavailable. The court had appointed standby counsel, who was familiar with the case, to assist defendant. Defendant

12

did not assert he was prejudiced by the lack of records nor argue with any specificity how he was prejudiced by the lack of adjournment.

III.

Standby counsel participated throughout the trial. Defendant argues that standby counsel's presence and the court's treatment of defendant deprived him of the ability to represent himself.

We begin by finding no error in the court's appointment of standby counsel, as our courts have routinely held that such appointment is proper. See Reddish, 181 N.J. at 597. When determining whether a defendant's right to self-representation has been respected, "the primary focus must be on whether the defendant had a fair chance to present his case in his own way." McKaskle v. Wiggins, 465 U.S. 168, 177 (1984). To prove that participation of standby counsel violated a defendant's right to self-representation, "defendant must show that the participation either (1) deprived him of actual control over the case that he presented to the jury, or (2) destroyed the perception of the jury that defendant was representing himself and in control of the case." State v. Davenport, 177 N.J. 288, 302-03 (2003).

Defendant was not deprived of control over his case. The court instructed defendant of his role as a pro se litigant, and the purpose of standby counsel.

The court explained that defendant was "in charge of the strategy for this case," but that standby counsel was "there as an asset for [defendant]," and would assist him "if [he] want[ed] him to cross-examine a witness [or] if [he] want[ed] him to step in and give an opening or closing."

Standby counsel took an active and substantial role in the trial. However, defendant consulted privately on multiple occasions with counsel, taking full opportunity to utilize him as a resource. The transcript supports that standby counsel did not usurp defendant's ability to control the litigation or its strategy.

There is no merit to defendant's argument that standby counsel's participation destroyed the jury's perception he was pro se. The court referred to defendant and standby counsel as the "defense" and not as "counsel." Standby counsel made clear in his opening statement that he was there only to assist.

IV.

Defendant's appeal from his convictions under Indictment two raises an evidentiary issue under N.J.R.E. 404(b) about the admission of other-crimes evidence. Specifically, he argues it was error to admit evidence that his driver's license was suspended and that he was in possession of less than an ounce of marijuana at the time of the accident. The court gave limiting instructions to the jury during trial and during the charge on the law making clear that this evidence

 A-1720-16T1

was limited to the issue of motive to elude the police and could not be used to show defendant committed other crimes or wrong acts. Defendant did not object to the limiting instructions or charge.

We review a trial court's determination regarding the admissibility of prior bad acts or other-crimes evidence for abuse of discretion. State v. Covell, 157 N.J. 554, 564 (1999). "A trial court's ruling on the admissibility of evidence is 'subject to limited appellate scrutiny,'" and as such we accord a deferential standard of review. State v. Buckley, 216 N.J. 249, 260 (2013); State v. Perry, 225 N.J. 222, 233 (2016). Only where a decision constitutes a "clear error in judgment," will an evidentiary ruling be overturned. Perry, 225 N.J. at 233 (citing State v. Brown, 170 N.J. 138, 147 (2001)).

Generally:

> [e]xcept as otherwise provided by Rule 608(b) evidence of other crimes, wrongs, or acts is not admissible to prove the disposition of a person in order to show that such person acted in conformity therewith. Such evidence may be admitted for other purposes, such as proof of motive, opportunity . . . when such matters are relevant to a material issue in dispute.
>
> [N.J.R.E. 404(b).]

Four tests must be satisfied before such evidence is admitted against a criminal defendant. The proponent of the evidence must demonstrate that: (1)

the evidence of the other crime was relevant to a material issue; (2) it was similar in kind and reasonably close in time to the offense charged; (3) the evidence of the other crime was clear and convincing; and (4) the probative value of the evidence outweighed by its apparent prejudice. See State v. Cofield, 127 N.J. 328, 338 (1992).

We discern no abuse of discretion; the Cofield test was satisfied. The other-crimes evidence was limited to the issue of defendant's motive. It was relevant to that purpose, reasonably close in time to the offense (of eluding), the evidence was clear and convincing and any prejudice was addressed by an appropriate limiting instruction.

V.

Defendant argues he was denied the effective assistance of counsel because his public defender, although originally objecting to the admission of the marijuana evidence, then agreed to it. We decline to consider defendant's argument regarding ineffective assistance of counsel, which is more appropriately addressed in a post-judgment petition.[3] See State v. Preciose, 129 N.J. 451, 460 (1992).

---

[3] We render no judgment about whether defendant can pursue post-judgment relief having represented himself pro se.

## VI.

Defendant appeals his sentences on multiple grounds. The State acknowledges that a remand is necessary to resentence defendant under Indictment two and three because the trial court imposed a discretionary term and a mandatory extended term in the same sentencing proceeding in violation of N.J.S.A. 2C:44-5(a)(2). See State v. Robinson, 217 N.J. 594, 609-610 (2014). The State also acknowledges that a remand is necessary under Indictment two before restitution can be imposed, under count three. See N.J.S.A. 2C:44-2(b) and (c). Defendant's other sentencing related arguments are without merit.

A trial court's sentencing decision shall not be disturbed absent an abuse of discretion or where the trial judge is clearly mistaken. State v. Fuentes, 217 N.J. 57, 70 (2014); see State v. Jabbour, 118 N.J. 1, 6 (1990). A reviewing court "must not substitute its judgment for the sentencing court." Fuentes, 217 N.J. at 70 (citing State v. O'Donnell, 117 N.J. 210, 215 (1989)). Rather, the court must:

> affirm [a] sentence unless: (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [Ibid. (citing State v. Roth, 95 N.J. 334, 364-65 (1984)).]

When making a determination regarding a defendant's sentence, the court must identify the applicable aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1. R. 3:21-4(g); Fuentes, 217 N.J. at 72. The court's findings for each factor "must be supported by 'competent, reasonably credible evidence.'" Fuentes, 217 N.J. at 72 (citing Roth, 95 N.J. at 363).

The court found aggravating factor three[4] (the risk that defendant would commit another offense), six[5] (the extent of defendant's prior criminal record and seriousness of the offense), nine[6] (the need to deter defendant and others from violating the law), and thirteen[7] (defendant's use of a stolen motor vehicle in attempting to flee) in sentencing defendant under the three indictments. He found no mitigating factors. See N.J.S.A. 2C:44-1(b)(1) to (13).

Defendant contends the court erred by finding aggravating factor thirteen. Count one of Indictment two included the allegation that defendant was operating a stolen motor vehicle while engaging in the criminal activity charged

---

[4] N.J.S.A. 2C:44-1(a)(3).

[5] N.J.S.A. 2C:44-1(a)(6).

[6] N.J.S.A. 2C:44-1(a)(9).

[7] N.J.S.A. 2C:44-1(a)(13).

although it was dismissed prior to trial. The court was aware of this allegation. Sentencing judges are not restricted to considering only facts that are found by a jury. See Alleyne v. United States, 570 U.S. 99, 116 (2013). Even if application of aggravating factor thirteen were in error, there was adequate support for the court's application of other aggravating factors, including three, six and nine.

We also discern no error by the trial court in its decision not to find any mitigating factors. Mitigating factor four[8] (substantial grounds to excuse or justify conduct) was not raised before the trial court nor does defendant explain how this applied. Mitigating factor two[9] (defendant did not contemplate conduct would cause harm) did not apply because defendant should have considered that his attempt to elude the police at seventy miles per hour in a twenty-five miles per hour speed zone could cause or threaten serious harm. Mitigating factor eleven[10] (imprisonment would entail excessive hardship to defendant or dependents) did not apply because defendant lived with his sister and her

---

[8] N.J.S.A. 2C:44-1(b)(4).

[9] N.J.S.A. 2C:44-1(b)(2).

[10] N.J.S.A. 2C:44-1(b)(11).

A-1720-16T1

children; there was no proof defendant was a custodial parent of his own children.

Defendant was not illegally sentenced for use of a cellphone while driving. Although the court initially imposed penalties for this, the court corrected itself in a subsequent proceeding because the court had acquitted defendant of this charge.

The court did not impose the $500 Drug Enforcement and Demand Reduction (DEDR) penalty incorrectly; it was applied to the disorderly persons offense for possession of marijuana. There also was a $1000 DEDR penalty for each third-degree CDS charge under Indictment three, as authorized by N.J.S.A. 2C:35-15(a)(1)(c).

The judgment for restitution on Indictment two (14-08-1356) is reversed and remanded for a restitution hearing. The discretionary extended term sentence for aggravated assault by eluding under Indictment two (14-08-1356) and the mandatory extended term sentences for two counts of third-degree CDS distribution under Indictment three (14-08-1452) are reversed and remanded for resentencing. The convictions and sentences otherwise are affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1720-16T1